# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDRE BRIDGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-244-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Andre Bridgers. *Pro se* petitioner.

Morgan T. Zurn, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

## MEMORANDUM OPINION

March 21, 2014
Wilmington, Delaware

---

[1]Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).



Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 filed by petitioner Andre Bridgers ("Bridgers"). (D.I. 3) For the reasons discussed, the

court will deny the petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

As summarized by the Delaware Superior Court, the facts leading to Bridger's arrest and

conviction are as follows:

> [In November 2006], [Keino Chrichlow and Bridgers] robbed a PNC bank by taking the bank's money from four employees at gunpoint. [Chrichlow and Bridgers] also threatened three other bank employees, Johnson, Gleason, and Kirk. Bridgers first approached Johnson, the branch manager, and told [the manager] that [he and Chrichlow] were robbing the bank and he forced Johnson into the vault. Gleason was the assistant branch manager. Bridgers forced Gleason to order her tellers to step back and away from their stations to facilitate the robbery.
>
> As the robbery unfolded, [Defendant] Chrichlow confronted nine customers at gunpoint. Defendants did not take anything from them, but Chrichlow held the customers at bay in order to stifle their interfering. During the robbery, Bridgers also noticed Kirk sitting in Kirk's office. He ordered Kirk out and forced him across the bank to where Chrichlow was holding the customers.

*State v. Bridgers*, 988 A.2d 939, 940 (Del. Super. Ct. 2007).

Bridgers was arrested on November 15, 2006, and subsequently indicted on sixteen

counts of first degree robbery, two counts of possession of a firearm during the commission of a

felony, one count of second degree conspiracy, and one count of possession of a firearm by a

person prohibited. The indictment also included separate robbery counts for the customers. In

June 2007, a Delaware Superior Court jury convicted Bridgers of all charges. *Id.* at 940-41.

Bridgers filed a post-trial motion for judgment of acquittal on June 6, 2007. The motion

was granted in part on the ground that Bridgers' threatening of bystanders at the robbery, from

whom no property was stolen, comprised aggravated menacing instead of robbery. *Id.* at 944.

1

The Delaware Superior Court also granted a new trial on Bridgers' holding two bank employees at gunpoint after finding that the jury instructions were too general. *Id.* at 944-45. In response, the State stipulated to finding Bridgers guilty of aggravated menacing with regard to the bank employees and preserved its rights on appeal; the case proceeded to sentencing. *Id.* at 945.

The Superior Court sentenced Bridgers on November 30, 2007, and then corrected the sentence on September 10, 2009 to the following: for one count of first degree robbery, twenty years at Level V suspended immediately for eighteen months at Level III; for each of the eleven counts of aggravated menacing, five years at Level V suspended immediately for eighteen months at Level III; for one more count of first degree robbery, five years at Level V; for each of the two counts of PFDCF, five years at Level V; for PDWBPP, eight years at Level V suspended after three years at Level V for eighteen months at Level III; and for second degree conspiracy, two years at Level V suspended for one year at Level III. (D.I. 16 at 2)

The State appealed the decision on Bridgers' motion for judgment of acquittal, and Bridgers, through trial counsel, cross-appealed. *See State v. Bridgers*, 970 A.2d 257 (Table), 2009 WL 824536, at *1 n.8 (Del. 2009). Bridgers was represented by new counsel on appeal. *Id.* at *1. The Delaware Supreme Court affirmed the Superior Court's decision on March 30, 2009. *Id.* at *2.

In March 2010, Bridgers filed a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Bridgers v. State*, 9 A.3d 475 (Table), 2010 WL 4734949 (Del. 2010).

## II.     GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

"to reduce delays in the execution of state and federal criminal sentences . . . and to further the

principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only

"on the ground that he is in custody in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a).  AEDPA imposes procedural requirements and standards

for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to

ensure that state-court convictions are given effect to the extent possible under law." *Bell v.

Cone*, 535 U.S. 685, 693 (2002).

### B. Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits, the

federal court must review the claim under the deferential standard contained in 28 U.S.C.

§ 2254(d).[2]  Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the

state court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States," or the state

court's decision was an unreasonable determination of the facts based on the evidence adduced

in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000);

*Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).  This deferential standard of § 2254(d) applies

---

[2]A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

even "when a state court's order is unaccompanied by an opinion explaining the reasons relief

has been denied." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). As recently explained

by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the

merits in the absence of any indication or state-law procedural principles to the contrary." *Id.*

Finally, when reviewing a habeas claim under § 2254(d), a federal court must presume

that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); *Appel*,

250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of

fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. §

2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537

U.S. 322, 341(2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to

factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual

decisions).

## III.    DISCUSSION

Bridgers' form petition incorporates his Rule 61 motion and post-conviction appellate

brief. As such, the court views the petition as asserting the following four grounds for relief:  (1)

trial counsel provided ineffective assistance by withdrawing from the case after Bridgers'

conviction because he was indigent and for not filing a direct appeal;  (2) appellate counsel

provided ineffective assistance by entering an appearance on appeal without advising the court

and by filing a cross-appeal rather than an appeal; (3) trial counsel was ineffective for failing to

conduct a full pre-trial investigation; and (4) appellate counsel provided ineffective assistance by

failing to allege on cross-appeal that trial counsel was ineffective for failing to investigate,

failing to follow proper procedures, and failing to file a direct appeal. Bridgers presented the

instant ineffective assistance of counsel claims in his Rule 61 proceeding and post-conviction

4

appeal, and the Superior Court and the Delaware Supreme Court denied the allegations as meritless. Consequently, habeas relief will only be warranted if the Delaware Supreme Court's denial of this allegation was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Finally, it is well-settled that ineffective assistance claims challenging appellate counsel's performance are evaluated under the same *Strickland* standard applicable to claims challenging trial counsel's performance. *See Lewis v. Johnson,* 359 F.3d 646, 656 (3d Cir. 2004). An attorney's decision about which issues to raise on appeal are generally viewed as strategic, and an

5

attorney is not required to raise every possible non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Smith v. Robbins,* 528 U.S. 259, 272 (2000). As such, a petitioner satisfies the first *Strickland* prong by showing that appellate counsel was objectively unreasonable in failing to find arguable issues on appeal," with an "arguable issue" being an issue "that counsel can argue in good faith wit some potential for prevailing." *Smith*, 528 U.S. at 285. A petitioner satisfies the prejudice prong of *Strickland* by showing a reasonable probability that he would have prevailed on appeal but for appellate counsel's allegedly unreasonable failure to raise an issue in a merits brief. *Id.*

Here, the Delaware Supreme Court specifically applied the *Strickland* standard when it affirmed the Superior Court's denial of Bridger's ineffective assistance allegations concerning trial and appellate counsel. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry is not over, however, because it must also determine if the Delaware Supreme Court reasonably applied the *Strickland* standard to the facts of Bridger's case. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to Blake's ineffective assistance of counsel allegations through "doubly deferential" lens. *Harrington*, 131 S.Ct. at 788. Notably, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

In Bridgers' Rule 61 proceeding, the Delaware state courts denied Bridger's first two allegations after noting that his "original counsel withdrew and was replaced by an experienced

6

attorney with the Public Defender's appellate unit." *See Bridgers*, 2010 WL 2977940, at *1.
The Delaware state courts also explained that appellate counsel followed the proper state court
procedures in entering an appearance on behalf of Bridgers and in filing a cross-appeal in
response to the State's filing of an appeal. *See id.*; *Bridgers*, 2010 WL 4734949, at *1. In this
proceeding, the court defers to the Delaware state courts' determination that both trial and
appellate counsel followed the proper state court procedures with respect to Bridgers' appeal. As
such, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in
denying Bridgers' first two claims for lack of prejudice.

As for claim three, the Superior Court denied Bridgers' argument that trial counsel was
ineffective for failing to conduct a thorough pre-trial investigation because he failed to
demonstrate prejudice. *See Bridgers*, 2010 WL 2977940, at *1-2. The Superior Court noted that
the State's case was very strong, and the "only weakness in the prosecution was that [Bridgers
and Chrichlow] were over-charged, as the post-decision explained. Taking everything into
account, trial counsel's success in reducing the convictions was about the best that Bridgers
could have hoped for." *Id.* at *2. Bridgers' conclusory and unsupported statements in this
proceeding do not demonstrate that he was prejudiced by trial counsel's pre-trial investigation.
Thus, viewing the Delaware state court decisions through the doubly deferential lens applicable
on habeas review, the court concludes that the Delaware Supreme Court reasonably applied
*Strickland* in affirming the Superior Court's denial of claim three.

Finally, the Delaware Supreme Court denied Bridgers' fourth claim challenging appellate
counsel's failure to assert an ineffective assistance of trial counsel claim on direct appeal
because, under well-settled Delaware law, ineffective assistance of counsel claims cannot be
raised on direct appeal; rather, they must be raised for the first time in a Rule 61 motion for post-

7

conviction relief. *See Bridgers*, 2010 WL 4734949, at *1. As such, the court concludes that the Delaware Supreme Court reasonably applied *Strickland* in holding that appellate counsel did not provide ineffective assistance by failing to pursue a foreclosed argument on direct appeal.

Accordingly, the court will deny claims one, two, three, and four for failing to satisfy § 2254(d).

## IV.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Bridgers' petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated, Bridgers' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.